UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MELISSA G. THOMPSON, | ) |
|     Plaintiff, | ) |
| v. | )   CIVIL NO. 1:18cv191 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2.  The claimant has not engaged in substantial gainful activity since August 14, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the severe impairments of lumbosacral spondylosis without myelopathy, moderate thoracic scoliosis but with mild levocurvature facet changes absent significant disc disease or nerve impingement and with lumbago; Crohn's disease; anxiety; and depression (Exhibits 1F to 17F) (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with lifting/carrying/pushing/pulling 10 pounds frequently and occasionally and with sitting six hours in an eight-hour workday and standing and/or walking two hours in an eight-hour workday. As to additional limitations, the claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, crawl, balance, can occasionally bend and stoop in addition to what is required to sit, and can occasionally use ramps and stairs. Aside from the use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces, should avoid work within close proximity to open and exposed heights, and should avoid open and dangerous machinery such as open flames and fast moving exposed blades. The claimant cannot drive motor vehicles or operate heavy machinery. The claimant should avoid work within close proximity to very loud noises (level 5) such as a fire alarm or very bright flashing lights such as a strobe more than occasionally, and needs to avoid extreme cold such as a refrigerator, or outside in the winter. Mentally, the claimant is limited to superficial interaction with coworkers, supervisors and the public, and with superficial interaction defined as occasional and casual contact not involving prolonged conversation, while still allowing necessary contact with supervisors for necessary instruction. In addition, prolonged conversation is not necessary for task completion. The claimant is limited to work that involves only simple, routine and repetitive tasks that can be learned through short demonstration and up to thirty days, she retains the capacity to maintain the concentration required to perform simple tasks, she can remember simple work-like procedures and make simple work-related decisions. The claimant can maintain the concentration and attention as well as the persistence to perform such duties on a day-in and day-out basis, for eight hours per day, five days per week or within some other form of full time competitive work environment.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 25, 1972, and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 14, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 295- 308 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on December 13, 2018. On February 8, 2019 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test

as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ improperly weighed the treating primary care physician's opinions. To be entitled to controlling weight, a treating physician's opinion must be "well-supported" by objective medical evidence and "not inconsistent" with other record evidence. 20 C.F.R. § 404.1527(c)(2) (2018). If a treating source opinion does not receive controlling weight, then the ALJ will evaluate all medical opinions, including those of non-examining consultants, in light of such factors as their supportability and consistency with the record. 20 C.F.R. § 404.1527(c).

In the present case, Dr. Frazier opined in October 2015 that Plaintiff had "difficulty" maintaining gainful employment and was unable to be in social or stressful situations (Tr. 778). He further opined that she was unable to work (Tr. 775). He opined in November 2015 that Plaintiff could lift no more than eight pounds occasionally and no more than five pounds frequently, could stand less than one hour and sit less than four hours in an eight-hour workday,

5

and had various postural and manipulative limitations (Tr. 780). He stated these limitations derived from Crohn's disease, cluster migraines headaches, chronic back pain, and generalized anxiety (Tr. 781).

The ALJ gave this opinion little weight as unsupported by and inconsistent with the record (Tr. 305). The ALJ found the assessed limitations were "unsupported by specific citations to supporting objective medical findings and test results" (Tr. 305). The ALJ further reasoned that the assessed limitations were inconsistent with and unsupported by Dr. Frazier's treatment notes from 2013-15 (Tr. 305).

However, as Plaintiff notes, the ALJ has a misunderstanding of Plaintiff's treatment for Crohn's disease and also incorrectly viewed Dr. Frazier's involvement in her case, as Dr. Frazier was part of Parkview Health's medical team and had access to all of Plaintiff's records and was under a duty of care to review all relevant records. It was this review along with his observations of Plaintiff that established the foundation for his report. Also, Dr. Frazier had a long treatment history with Plaintiff and monitored the course of her Crohn's disease. Clearly, the ALJ erred when he discounted Dr Frazier's opinions. Thus, remand is warranted.

Next, Plaintiff argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the RFC and erred in not considering the combined impact thereof. An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). Moreover, an ALJ may not ignore entire lines of evidence. *Zurawski v. Halter*, 245 F.3d. 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). An ALJ need not mention every piece of medical evidence in her opinion, but she cannot ignore a line of

6

evidence contrary to her conclusion. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). In explaining an RFC assessment, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. Plaintiff argues that the ALJ's hypothetical and RFC do not account for limitations in concentration, persistence, and pace. Although the ALJ mentioned Plaintiff's concentration limitations and limited her to simple, routine, and repetitive tasks, the ALJ failed to analyze Plaintiff's limitations in concentration, persistence and pace in any meaningful way. The ALJ also failed to explain how Plaintiff's ability to do short household tasks rendered her capable of performing employment tasks on a consistent basis. Therefore, remand is required on this point.

Lastly, Plaintiff argues that the ALJ erred in failing to give substantial credibility to Plaintiff due to her strong work history. A claimant with a good work record has earned substantial credibility when claiming an inability to work because of a disability. *Stark v. Colvin*, 813 F.3d 684 (7th Cir 2016); *Porter v. Chater*, 921 F. Supp 89, 90 (D. Conn. 1996) citing *Rivera v. Schweiker* 717 F.2d. 719,725 (2d. Cir. 1983). *See also Singletary v. Secretary of Health, Education and Welfare*, 623 F.2d 217, 219 (2d Cir.1980). A long and continuous past work record with no evidence of malingering is a factor supporting credibility assertions of disabling impairments. *Allen v. Califano*, 613 F.2d. 139, 147 (6th Cir. 1980). As this case is being remanded on other issues, discussed above, this court will also remand so that the ALJ may reconsider whether to give Plaintiff additional credibility due to her good work record.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion .

Entered: April 10, 2019.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court